**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>                Plaintiff,<br><br>        v.<br><br>CAE HEALTHCARE USA, INC.,<br>CAE HEALTHCARE, INC. and CAE INC.,<br><br>                Defendants. | Case No. 12-1777-SLR<br><br>JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

      Princeton Digital Image Corporation (hereafter "Princeton"), Plaintiff, brings this action against CAE Healthcare USA, Inc., CAE Healthcare, Inc. and CAE Inc. (hereafter together "Defendants"), and alleges that:

**PARTIES**

      1.      Plaintiff Princeton is a corporation organized and doing business under the laws of Texas.

      2.      Upon information and belief, Defendant CAE Healthcare USA, Inc. is a Delaware corporation (formerly Medical Education Technologies, Inc.) having as its agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.  Upon information and belief, Defendant CAE Healthcare USA, Inc. regularly conducts and transacts business in Delaware within this Judicial District, and throughout the United States, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

      3.      Defendant CAE Healthcare, Inc. is a Delaware corporation, having as its agent for service of process The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.  Upon information and belief, Defendant CAE Healthcare, Inc. regularly

conducts and transacts business in Delaware within this Judicial District, and throughout the United States, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

4.     On information and belief, Defendant CAE Inc. is a Canadian corporation with its principal place of business at 8585 Del La Cote-de-Liesse Rd, SAINT-LAURENT, Quebec H4T 1G6, Canada.  Upon information and belief, Defendant CAE Inc. is an alien corporation to the United States of America and is a nonresident corporation of Delaware that engages in business in this state, but does not maintain a regular place of business in this state and which has not designated an agent for service of process in this state.  Upon information and belief, Defendant CAE Inc. regularly conducts and transacts business in Delaware and within this Judicial District, and throughout the United States, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.  On information and belief, Defendant CAE Inc. resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Defendant CAE Inc. may be served with process in Canada pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C.§ 271, *et seq*.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendants since, on information and belief, Defendants have transacted business in this judicial district, directly or through intermediaries, and/or have committed acts of infringement in this judicial district.

8.      Venue in this district over Defendants is proper under 28 U.S.C. §§ 1391(c) and (d) and 1400(b).

## BACKGROUND

9.      On September 1, 1998, United States Patent No. 5,800,177 (hereafter "the `177 patent") was duly and legally issued to Robert G. Gillio, M.D., a pulmonary critical care physician of Lancaster, Pennsylvania, as the inventor thereof, and at all applicable times was valid and subsisting. A copy of the `177 patent, which is entitled "Surgical Simulator User Input Device," is attached hereto as Exhibit "A".

10.     On September 1, 1998, United States Patent No. 5,800,178 (hereafter "the `178 patent") was duly and legally issued to Dr. Gillio, M.D., as the inventor thereof, and at all applicable times was valid and subsisting. A copy of the `178 patent, which is entitled "Virtual Surgery Input Device," is attached hereto as Exhibit "B".

11.     On March 16, 1999, United States Patent No. 5,882,206 (hereafter "the `206 patent") was duly and legally issued to Dr. Gillio as the inventor thereof, and at all applicable times was valid and subsisting. A copy of the `206 patent, which is entitled "Virtual Surgery System," is attached hereto as Exhibit "C".

12.     Dr. Gillio assigned all rights, title and interest in and to the `177, `178, and `206 patents to Princeton Digital Image Corporation.

## INFRINGEMENT OF THE `177, `178 AND `206 PATENTS

13.     Upon information and belief, Defendants infringed one or more claims of the `177, `178 and `206 patents (including, but not limited to, claim 16 of the `177 patent, claim 18 of the `178 patent and claim 1 of the `206 patent) by having performed, without authority to do so, one or more of the following acts:  (a) having made, used, offered for sale, sold, or imported products including, but not limited to, CAE Healthcare EndoVR™ Simulator and CathLabVR™

Simulator products, in violation of 35 U.S.C. § 271(a); (b) having induced infringement of one or more claims of the `177, `178 and `206 patents, in violation of 35 U.S.C. § 271(b); and/or (c) having contributed to the infringement of one or more claims of the `177, `178 and `206 patents, in violation of 35 U.S.C. § 271(c).

14. Upon information and belief, Defendants' acts of infringement of the `177, `178 and `206 patents were both deliberate and willful. Upon information and belief, Defendants have known of the `177, `178 and `206 patents since at least March 30, 2010, and their infringement has been willful since at least that date. Upon information and belief, on that date, Defendants acquired from Immersion Corporation, part of Immersion's medical simulation business unit and various product lines, including the infringing EndoVR Simulator and CathLabVR Simulator products, so as to form the core offerings of Defendants' surgical simulation division, as well as a license under at least fifteen Immersion Corporation patents and patent applications relating to those infringing products that cite the `177, `178 and `206 patents. Despite that knowledge, Defendants continued to infringe the `177, `178 and `206 patents.

15. Upon information and belief, CAE Inc. is the parent of CAE Healthcare, Inc. and CAE Healthcare USA, Inc. Because of the relationship between the Defendants, infringements of the `177, `178 and `206 patents arise out of the same transaction or series of transactions, and involve common issues of fact.

16. Princeton is entitled to recover from Defendants those damages sustained as a result of Defendants' wrongful acts of infringement of the `177, `178 and `206 patents in an amount subject to proof at trial.

**PRAYER AND RELIEF**

**WHEREFORE**, the Plaintiff Princeton prays for judgment against each one of the Defendants on all the counts and for the following relief:

A. A declaration that each of the Defendants has infringed the `177, `178 and `206 patents, and that such infringement was willful;

B. Preliminary and permanent injunctions against each of the Defendants, their officers, agents, servants, employees and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement of the `177, `178 and `206 patents;

C. An accounting for damages under 35 U.S.C. § 284 from each of the Defendants for its respective infringement of the `177, `178 and `206 patents, and an award of damages ascertained against each of the Defendants in favor of Plaintiff Princeton and enhanced in view of Defendants' willful infringement, together with interest and costs;

D. An award of the Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285; and

E. Such other and further relief as this Court may deem proper, just and equitable.

## JURY DEMAND

Plaintiff Princeton demands a trial by jury of all issues properly triable by jury in this action.

Respectfully submitted,

|  |  |
|---|---|
|  | **O'KELLY ERNST & BIELLI, LLC** |
| Dated: January 25, 2013 | */s/ Sean T. O'Kelly*<br>Sean T. O'Kelly (No. 4349)<br>901 N. Market Street, Suite 1000<br>Wilmington, Delaware  19801<br>(302) 778-4000<br>(302) 295-2873 (facsimile)<br>sokelly@oeblegal.com<br><br>*Attorneys for Plaintiff Princeton Digital Image Corporation* |